1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11   DAVID LONG,                    )   Case No. EDCV 15-00536-RT (KK)
                                     )
12              Plaintiff,           )
                                     )   ORDER RE DOE DEFENDANTS
13         v.                        )
                                     )
14   NORMA ALEJO, ET AL.,            )
                                     )
15              Defendants.          )
                                     )
16   ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

17        On April 21, 2015, Plaintiff David Long filed a first amended complaint

18   ("FAC").  ECF No. 5.  The FAC alleges defendants Norma Alejo, Daniel Delgado-

19   Oramas, Shawn Hare, Marc Gonzales, and Does One through Ten ("Doe

20   Defendants") conspired to falsely arrest Plaintiff for murder and attempted robbery.

21   Id.  With respect to Doe Defendants, Plaintiff alleges "their failure to train and

22   supervise defendants" render them "in some manner responsible for the acts or

23   omissions alleged."  Id. at 3.

24        While the Court makes no ruling as to whether Plaintiff has sufficiently

25   stated facts to support a claim against Doe Defendants, the Court will permit

26   Plaintiff the opportunity to conduct limited discovery at this stage.  The Court finds

27   Plaintiff is entitled to conduct discovery in order to obtain the name(s) of the Doe

28   Defendants who supervised named defendants Alejo, Delgado-Oramas, Hare, and

1

Gonzales. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) ("[W]here the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff shall be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.") (alterations omitted) (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Accordingly, if Plaintiff does not know the name of Doe Defendant(s), the Court grants Plaintiff fourteen (14) days to submit interrogatories to determine the name of Doe Defendant(s). **Plaintiff's discovery shall be served pursuant to Federal Rule of Civil Procedure 31, a copy of which is attached to this Order.** Plaintiff must limit the scope of any discovery request to identifying the full name of Doe Defendant(s), referred to as "supervisors" in the FAC. In addition, Plaintiff must file a Motion for Leave to file a Second Amended Complaint, accompanied by a proposed Second Amended Complaint, updated to include the first and last name of Doe Defendant(s), within 10 days after being served the answers to Plaintiff's interrogatories.

DATED: April 28, 2015

_____
HON. KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

**Rule 31**         FEDERAL RULES OF CIVIL PROCEDURE        48

(2) *Documents and Tangible Things.*

(A) *Originals and Copies.* Documents and tangible things produced for inspection during a deposition must, on a party's request, be marked for identification and attached to the deposition. Any party may inspect and copy them. But if the person who produced them wants to keep the originals, the person may:

(i) offer copies to be marked, attached to the deposition, and then used as originals—after giving all parties a fair opportunity to verify the copies by comparing them with the originals; or

(ii) give all parties a fair opportunity to inspect and copy the originals after they are marked—in which event the originals may be used as if attached to the deposition.

(B) *Order Regarding the Originals.* Any party may move for an order that the originals be attached to the deposition pending final disposition of the case.

(3) *Copies of the Transcript or Recording.* Unless otherwise stipulated or ordered by the court, the officer must retain the stenographic notes of a deposition taken stenographically or a copy of the recording of a deposition taken by another method. When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent.

(4) *Notice of Filing.* A party who files the deposition must promptly notify all other parties of the filing.

(g) FAILURE TO ATTEND A DEPOSITION OR SERVE A SUBPOENA; EXPENSES. A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to:

(1) attend and proceed with the deposition; or

(2) serve a subpoena on a nonparty deponent, who consequently did not attend.

(As amended Jan. 21, 1963, eff. July 1, 1963; Mar. 30, 1970, eff. July 1, 1970; Mar. 1, 1971, eff. July 1, 1971; Nov. 20, 1972, eff. July 1, 1975; Apr. 29, 1980, eff. Aug. 1, 1980; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 31. Depositions by Written Questions**

(a) WHEN A DEPOSITION MAY BE TAKEN.

(1) *Without Leave.* A party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

(2) *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):

(A) if the parties have not stipulated to the deposition and:

(i) the deposition would result in more than 10 depositions being taken under this rule or Rule 30 by the

49　　　　　FEDERAL RULES OF CIVIL PROCEDURE　　　　**Rule 32**

plaintiffs, or by the defendants, or by the third-party defendants;

(ii) the deponent has already been deposed in the case; or

(iii) the party seeks to take a deposition before the time specified in Rule 26(d); or

(B) if the deponent is confined in prison.

(3) *Service; Required Notice.* A party who wants to depose a person by written questions must serve them on every other party, with a notice stating, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs. The notice must also state the name or descriptive title and the address of the officer before whom the deposition will be taken.

(4) *Questions Directed to an Organization.* A public or private corporation, a partnership, an association, or a governmental agency may be deposed by written questions in accordance with Rule 30(b)(6).

(5) *Questions from Other Parties.* Any questions to the deponent from other parties must be served on all parties as follows: cross-questions, within 14 days after being served with the notice and direct questions; redirect questions, within 7 days after being served with cross-questions; and recross-questions, within 7 days after being served with redirect questions. The court may, for good cause, extend or shorten these times.

(b) DELIVERY TO THE OFFICER; OFFICER'S DUTIES. The party who noticed the deposition must deliver to the officer a copy of all the questions served and of the notice. The officer must promptly proceed in the manner provided in Rule 30(c), (e), and (f) to:

(1) take the deponent's testimony in response to the questions;

(2) prepare and certify the deposition; and

(3) send it to the party, attaching a copy of the questions and of the notice.

(c) NOTICE OF COMPLETION OR FILING.

(1) *Completion.* The party who noticed the deposition must notify all other parties when it is completed.

(2) *Filing.* A party who files the deposition must promptly notify all other parties of the filing.

(As amended Mar. 30, 1970, eff. July 1, 1970; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 32. Using Depositions in Court Proceedings**

(a) USING DEPOSITIONS.

(1) *In General.* At a hearing or trial, all or part of a deposition may be used against a party on these conditions:

(A) the party was present or represented at the taking of the deposition or had reasonable notice of it;

(B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and

(C) the use is allowed by Rule 32(a)(2) through (8).